UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

| | |
|---|---|
| TABITHA HOLYFIELD,<br>    Plaintiff,<br>V.<br>WAL-MART STORES EAST, L.P.,<br>    Defendant. | CIVIL NO. 7:17-39-KKC-EBA<br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on defendant's motion for summary judgment (DE 28). Plaintiff Holyfield has responded (DE 29), defendant Wal-Mart has replied (DE 30), and this motion is ripe for review. For the following reasons, defendants motion (DE 28) is **GRANTED**.

## I. BACKGROUND

On September 28, 2016, plaintiff Holyfield was shopping at Wal-Mart store #2548 in South Williamson, Kentucky. (DE 1-2 at 9). Holyfield alleges that when she reached for a one-liter bottle of flavored water from an overhead shelf, other one-liter bottles of flavored water fell off the shelf and struck her, causing injuries to her face, head, and neck. (DE 29 at 1). Holyfield alleges that the arrangement of the bottled water constituted a dangerous condition because they were not stocked in cardboard boxes, but were placed bare upon the shelves, having no "fencing" to keep them from falling. (DE 29 at 3). She believes Wal-Mart is responsible for the injuries she incurred. Wal-Mart alleges that any possible danger from the bottled water was open and obvious, and Holyfield cannot prove the traditional elements of negligence. Both parties have supplemented the record, including the depositions of

1

Holyfield and Wal-Mart employees. Further, the Court has been provided a photo showing the type of water bottles sold, and overhead shelving used, in store #2548. (DE 28-3). The Court finds the record is sufficient to consider the motion for summary judgment.

## II. ANALYSIS

a. **Legal standards**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden and must identify "those portions of the pleadings...which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal citation omitted). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 322-25.

Once the movant meets the initial burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). When, as here, a defendant moves for summary judgment, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. "[T]he evidence should be viewed in the

2

light most favorable to the non-moving party." *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999) (citing *Anderson*, 477 U.S. at 255).

In this diversity action, the Court applies Kentucky law to the substantive legal issues. Under Kentucky law, a plaintiff must prove three elements to recover on a negligence claim: (1) a duty on the part of the defendant; (2) breach of that duty; and (3) consequent injury. *Mullins v. Commonwealth Life Ins. Co.,* 839 S.W.2d 245, 247 (Ky. 1992). Defendant Wal-Mart concedes that it has an affirmative duty to maintain a reasonably safe premises for its patrons, which involves the responsibility to discover unreasonably dangerous conditions and either correct them or warn of them. (DE 28 at 4); *Dick's Sporting Goods, Inc. v. Webb*, 413 S.W.3d 891, 897-98 (Ky. 2013). Wal-Mart, however, argues that any dangerous condition presented by the bottled water was open and obvious. (DE 28 at 3).

Kentucky has adopted the Restatement (Second) of Torts' approach to the open and obvious condition doctrine. *See Shelton v. Kentucky Easter Seals Soc., Inc.,* 413 S.W.3d 901, 910-911 (Ky. 2013); *see also* Restatement (Second) of Torts § 343(A) (1965). "Under that approach, a condition is open and obvious if either (1) a plaintiff is subjectively aware of the condition and the risk it poses, or (2) if, objectively, both the condition and the accompanying risk 'would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgement.'" *Parker v. Wal-Mart Stores East, LP,* 2016 WL 1448640, *2-3 (E.D. Ky. 2016) (citing Restatement (Second) of Torts § 343(A)(1) cmt. B (1965)).

The doctrine "suspends liability when the danger is known or obvious to the invitee, *unless* the invitor should anticipate or foresee harm resulting from the condition despite its obviousness or despite the invitee's knowledge of the condition." *Shelton*, 413 S.W.3d at 911. Thus, even when there is an open and obvious danger, the invitor still retains a duty to

eliminate or warn of unreasonable risks of harm. *Id.* at 914. Essentially, if a "land possessor could reasonably foresee that an invitee would be injured by the danger…but nevertheless fails to take reasonable precautions to prevent the injury, he can be held liable." *Kentucky River Med. Ctr. V. McIntosh,* 319 S.W.3d 385, 392 (Ky. 2010).

The Kentucky Supreme Court recites several factors that are relevant when determining whether a defendant is liable despite the obviousness of a danger:

> [W]hen a defendant has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious or will forget what he has discovered, or fail to protect himself against it; and when a defendant has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.

*Id.* at 914 (citing *Kentucky River Medical Center v. McIntosh,* 319 S.W.3d 385 (Ky. 2010).

Within the negligence analysis of Kentucky law, "[t]he obviousness of the condition is a 'circumstance' to be factored under the standard of care." *Shelton*, 413 S.W.3d at 911. The inquiry remains one of foreseeability, and "[a] risk is not unreasonable if a reasonable person in the defendant's shoes would not take action to minimize or avoid the risk." *Id.* at 914 (citing Dobbs, The Law of Torts § 143, p. 336 (2001)).

**b. Application in this case**

Here, the Court finds that any risk presented by the bottled water was open and obvious. In her deposition, Holyfield admits that there was nothing obstructing her view of the water bottles or shelving (DE 28-2 at 277-278); that the water bottles did not appear placed in a disorderly fashion on the shelf (DE 28-2 at 257); that there were no water bottles stacked on top of the water bottles in question (DE 28-2 at 253); that she noticed no unusual problems with the way the water bottles were stocked prior to the incident (DE 28-2 at 257); and that, besides their ultimate spilling over, the water bottles were stocked as she had seen them hundreds of times before (DE 28-2 at 263). Therefore, the Court finds that the risk associated with these particular bottles of water was not something lurking undetected or hidden from

4

the plaintiff, but rather the obvious risk one faces when pulling anything off a grocery store shelf. Ordinary perception, intelligence, and judgment informs a person of such a risk, and the condition at issue here was open and obvious. *See* Restatement (Second) of Torts § 343(A)(1) cmt. B (1965).

But this does not end our inquiry. Liability is suspended for an open and obvious condition, "*unless* the invitor should anticipate or foresee harm resulting from the condition despite its obviousness or despite the invitee's knowledge of the condition." *Shelton*, 413 S.W.3d at 911. Consistent with its initial burden under the summary judgment standard, defendant Wal-Mart has pointed to the portions of the record showing no genuine issue of material fact as to whether Wal-Mart had reason to anticipate or foresee harm resulting from the shelf placement of the bottled water. Wal-Mart points out that the plaintiff admits she was not distracted when the incident occurred and nothing was blocking her view of the bottles. (DE 28-2 at 278); *see Shelton*, 413 S.W.3d at 914. Wal-Mart further points out that Holyfield admits that she is not aware of any facts suggesting that any Wal-Mart employee knocked the bottles off or caused them to fall, or that Wal-Mart employees knew that the bottles were going to fall and failed to do anything about it. (DE 28-2 at 278). Finally, this Court has previously found that, unlike the medical facilities in *McIntosh* and *Shelton*, nothing peculiar to Wal-Mart creates a foreseeable risk that patrons would fail to discover an obvious risk, forget about such a risk, or rush into it despite their knowledge of it. *Parker*, 2016 WL 1448640 at *3.

In response, Holyfield has not shown that a genuine issue of material fact does indeed exist. *See* Fed. R. Civ. P. 56(e). In other words, there is no more than a scintilla of evidence supporting the plaintiff's position, and summary judgment is warranted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

5

The grounds for Holyfield's allegation that the water bottles constituted a dangerous condition relies on the absence of cardboard "fencing" running in front of the bottles. (DE 29 at 3). As her only evidence that such a condition was unreasonably dangerous and foreseeable by Wal-Mart, Holyfield argues that the lack of cardboard fencing breached Wal-Mart's own stocking policy. (DE 29 at 4-5). Holyfield points the Court to the deposition of two Wal-Mart employees, but neither statement offers more than a scintilla of evidence to support Holyfield's position.

Even in a light most favorable to Holyfield, the statement of Wal-Mart employee Randall France shows that cardboard fencing is occasionally used for some items, but is not mandatory via any policy or regulation. (DE 29-1). France's statement makes no mention of whether fencing is or should be used for bottled water or any remotely similar product. (DE 29-1). France does admit that shelves are improperly stocked, and could result in items falling off, when items are double stacked. (DE 29-1). But in this case, Holyfield admits that the bottled water was not double stacked on the shelf. (DE 28-2 at 253).

Similarly, the statement by Wal-Mart employee Hal Cote is unavailing. Holyfield is correct to point out that Cote stated that it is sometimes appropriate to leave the cardboard fencing in place to avoid items falling off a shelf. (DE 29-2). But Cote's statement is in the context of double stacked cases of canned soup, each containing between twenty-four and forty-eight cans—not individual, single-stacked bottles of water. (DE 29-2). Following those statements, when counsel attempted to distill a rule of general applicability, Cotes specifically denied such a policy:

> [Counsel:] So, do I understand your testimony correctly, it's not proper to stack items that will fall if they are not in a cardboard carton?
>
> [Cotes:] No. If you have—your two (2) facings are up, and if you open another case, you don't always want to open another case. If you have extra cases—if you have extra cans on top, you can slide the one back and put the other cans up on top. So, your facing doesn't have to have cardboard. It can have cardboard or it can just be hand stacked in.

6

> [Counsel:] Okay. Is it recommended to have the cardboard to try to prevent items from falling?
>
> [Cotes:] No.

(DE 29-2). The statements of France and Cote provide less than a scintilla of evidence that an unreasonable condition existed. Holyfield's argument that her injury was foreseeable because Wal-Mart breached its own stocking policy finds little to no support in these statements. (DE 29-1; 29-2).

Even viewing the facts and allegations in a light most favorable to her, Holyfield provides no evidence showing that an unreasonably dangerous condition existed, or that Wal-Mart should have anticipated injury arising from the bottled water despite the obviousness of any possible risk to shoppers. Therefore, a reasonable jury could not find that Wal-Mart breached its duty of reasonable care, or that such a breach caused her injuries. *See Shelton*, 413 S.W.3d at 911. Interestingly, Holyfield admits that she has bought bottled water that was stocked in this same way "probably hundreds of times" without incident. (DE 28-2 at 263). Akin to the parking lot of shopping carts in *Workman v. Wal-Mart Stores, Inc,* 2017 WL 2381283 (E.D. Ky. 2017), there is nothing unreasonably dangerous about bottled water resting in a very typical manner on a grocery store shelf. If there were, virtually every retail store shelf would be unreasonably dangerous. *See e.g., Workman,* 2017 WL 2381283 *3.

Wal-Mart has shown that no genuine dispute as to any material fact exists, and judgment as a matter of law is appropriate.

### III. CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

(1) Defendant's motion for summary judgment (DE 28) is **GRANTED**; and

(2) A separate judgment shall issue.

Dated November 27, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY